# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DARRYL A. BROWN, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )    CAUSE NO.: 2:16-CV-424-PRC |
| | ) |
| NANCY A. BERRYHILL, <br> Acting Commissioner of the <br> Social Security Administration, <br>     Defendant. | ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Darryl A. Brown on October 5, 2016, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18], filed by Plaintiff on August 2, 2017. Plaintiff requests that the August 10, 2016 decision of the Social Security Administration Appeals Council denying his claim for disability insurance benefits be reversed and remanded for an award of benefits or, in the alternative, for additional proceedings. On October 6, 2017, the Commissioner filed a response, and Plaintiff filed a reply on October 27, 2017. For the following reasons, the Court denies Plaintiff's request for remand.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on October 22, 2013. His claim was denied initially and upon reconsideration. Plaintiff requested a hearing, which was held on November 3, 2015, and presided over by an Administrative Law Judge (ALJ). The ALJ issued a partially favorable decision on January 26, 2016, concluding that Plaintiff was disabled as of a date certain in 2014 but not before.

On March 18, 2016, the Appeals Council sent notice of review of the ALJ's decision pursuant to 20 CFR § 404.969 on the basis that the actions, findings, or conclusions of the ALJ were not supported by substantial evidence and there was an error of law. On August 10, 2016, the Appeals Council issued an unfavorable decision, making the following findings.

1. The claimant met the special earnings requirements of the Act on December 30, 2012, the date the claimant stated he became unable to work and continues to meet them through December 31, 2018.
   The Claimant has not engaged in substantial gainful activity since December 30, 2012.

2. The claimant has the following severe impairments: coronary artery disease with status-post stent and remote bypass graft, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

3. The claimant's combination of impairments results in the following limitations on his ability to perform work-related activities: medium work, except he cannot work at unprotected heights or around hazardous machinery; can never climb ladders, ropes, or scaffolds; cannot drive commercial vehicles; and must avoid concentrated exposure to temperature extremes.

4. The claimant is unable to perform any of his past relevant work.

5. Prior to [2014], the claimant was an "individual closely approaching advanced age." [During 2014], the claimant's age category changed to an "individual of advanced age." Further, the claimant has at least a high school education and is able to communicate in English. The issue of transferable skills is not relevant because other unskilled medium exertional work was identified by the vocational expert.

6. Considering the claimant's age, education, work experience, and residual functional capacity, a finding of "not disabled" is appropriate under the framework of Rules 203.15 and 203.22 in Table No. 2 of the Medical-Vocation Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. Specifically, the claimant is capable of performing medium jobs that exist in significant numbers in the national economy, including the representative occupations of janitor, store laborer, and packager, as identified by the vocational expert.

> 7. The claimant is not disabled as defined in the Social Security Act at any time through the date of the hearing decision.

(AR 9-10). Because the Appeals Council reviewed the ALJ's decision, rendering its own findings and conclusions, the Appeals Council's decision is the final decision of the Commissioner. *See* 20 C.F.R. § 404.981; *see also White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992). On October 5, 2016, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. This Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of the Appeals Council will reverse only if the findings are not "supported by substantial evidence on the record as a whole" or if the Appeals Council has applied an erroneous legal standard. *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017); *see also Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the Commissioner. *See*

*Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of the Commissioner's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the Commissioner "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, the Appeals Council must articulate its analysis of the evidence in order to allow the reviewing court to trace the path of its reasoning and to be assured that it considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). "As long as the Appeals Council identified supporting evidence in the record and built a 'logical bridge' from that evidence to its conclusion, [the reviewing court] must affirm." *Schloesser*, 870 F.3d at 717.

**DISABILITY STANDARD**

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be

4

expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the Appeals Council must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008)

(citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the Appeals Council. *Zurawski v. Halter*, 245 F.3d 881, 885-86 (7th Cir. 2001); *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**ANALYSIS**

Plaintiff seeks reversal of the Appeals Council's decision and remand either for an award of benefits or for further proceedings. In support of the requested relief, Plaintiff argues that the Appeals Council erred in evaluating Plaintiff's subjective allegations, certain medical opinions of record, and Plaintiff's residual functional capacity,

**A. Subjective Allegations**

In making a disability determination, the Social Security Administration will consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 404.1529(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id.* The Administration's decisionmaker must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See id.* § 404.1529(c)(3). "[S]ubjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). "Adjudicators must limit their

evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." *Id.* at *11.

The case law that Plaintiff cites regarding review of the ALJ's evaluation of Plaintiff's subjective symptoms indicates that Plaintiff assumes that the standard that *courts* use in reviewing an ALJ's decision also applies when the *Appeals Council* reviews and issues a new decision reversing the ALJ's decision. However, the Seventh Circuit Court of Appeals has stated the standard as the following: "When the Appeals Council rejects an ALJ's credibility finding, it should do so expressly and state its reasons for doing so. The reasons given must be sufficiently specific and supported by the record." *Schloesser*, 870 F.3d at 720 (citations and quotation marks omitted) (citing *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015); *Bauzo v. Bowen*, 803 F.2d 917, 922 (7th Cir. 1986)). "[A]lthough the findings of the ALJ are not binding on the Council, they should not be ignored." *Bauzo*, 803 F.2d at 922. "The conflicting findings are part of the record as a whole, and will be considered in determining whether the Council's decision is supported by substantial evidence." *Id.* (citing *Universal Camera Co. v. NLRB*, 340 U.S. 474, 496 (1951)). The Court defers to the Appeals Council's determination of subjective symptoms unless it is "patently wrong." *Schloesser*, 870 F.3d at 717 (citing *Engstrand*, 788 F.3d at 660).

The ALJ found that Plaintiff was limited to light work. The Appeals Council found that the ALJ, in so finding, cited only Plaintiff's allegations about his symptoms and limitations, did not address all of the relevant factors found in 20 C.F.R. § 404.1529, and did not acknowledge inconsistencies in the record. Plaintiff contends that the ALJ was permitted to rely on Plaintiff's allegations; the Appeals Council did not reverse the ALJ for finding the allegations determinative

7

after a proper analysis. Rather, the Appeals Council found that the ALJ did not perform the proper analysis by not addressing all of the relevant factors or acknowledging inconsistencies in the record.

The Appeals Council noted that Plaintiff never complained to his treating medical personnel of weekly dizziness or shortness of breath, which he testified to at the hearing before the ALJ. Though Plaintiff had three heart attacks, he returned after the last one to his work as a steel mill worker, which required him to lift over 100 pounds and work in a hot environment. The Appeals Council noted that there is no medical evidence dated on or around Plaintiff's alleged onset date and that no subsequent evidence documents a significant worsening of his cardiac condition at that time.

After the alleged onset date, Plaintiff worked off-the-books as a landscaper and reported walking five miles per day. Plaintiff reported to a former treating cardiologist that he intended to change doctors because he wanted to get disability benefits. The Appeals Council summed up Plaintiff's allegations as follows "the claimant's statements, extensive activities, minimal symptoms, and largely normal clinical findings and test results are not consistent with the level of limitation he has alleged." (AR 8).

Plaintiff asserts that the Appeals Council, after finding error in the ALJ's decision, should have remanded the matter to the ALJ instead of taking up the matter. Plaintiff cites 20 C.F.R. § 404.979 in support. This regulation, though, states that, after the Appeals Council reviews the record, the Appeals Council will make a decision *or* remand the case to the ALJ. 20 C.F.R. § 404.979. The Appeals Council's decision may be to adopt, modify, or reverse the ALJ's decision. *Id.* Thus, the regulation cited provides authority for the Appeals Council to act as it did. With nothing provided to the Court to indicate that it was improper for the Appeals Council to decide the matter instead of remanding it, the Court finds no basis for remand here.

Plaintiff argues that the Appeals Council erred in "fail[ing] to consider that the ALJ was permitted to rely on Mr. Brown's allegations about his symptoms and limitations." (Pl.'s Br. 13, ECF No. 18). However, the Appeals Council expressly stated, as required, the specific reasons for its decision to reject the ALJ's evaluation of Plaintiff's subjective symptom allegations. The Appeals Council explained that the ALJ did not look at all of the factors required by the regulations and that Plaintiff's statements, activities, symptoms, and clinical findings support a determination that Plaintiff can perform work at the medium exertional level. This is not patently wrong.

Plaintiff next contends that the Appeals Council did not build a logical bridge between the evidence and its finding that Plaintiff is capable of performing work at the medium exertional level. The Appeals Council used Plaintiff's off-the-books work as a landscaper to support its finding that Plaintiff could perform medium-level work, and Plaintiff asserts that there is no evidence in the record to show how much weight Plaintiff lifted while doing yard work. The Appeals Council looked at far more than this one statement in so finding. The Appeals Council noted that, after Plaintiff's most recent heart attack, Plaintiff returned to work in which he lifted 100 pounds and reported to his cardiologist that he was doing well and had no complaints. Plaintiff listed his reason for leaving his job as retirement. The Appeals Council noted repeated normal cardiovascular findings after the alleged onset date, noting occasions with slightly abnormal results—such as an echocardiogram in 2014 showing normal or mild abnormalities and stress test results interpreted as "probably normal." (AR 6). Three doctors gave medical opinions that Plaintiff could perform work at the medium level. Though using Plaintiff's landscaping work alone to find the ability to perform medium work does not create the requisite "logical bridge," the Appeals Council built such a bridge by looking at a combination of Plaintiff's statements, activities, symptoms, and clinical findings.

9

Plaintiff also maintains that the Appeals Council did not address why Plaintiff would stop working at a well-paying job if he were still able to perform the work. However, as the Appeals Council noted, Plaintiff himself reported that he stopped working because he retired. The Appeals Council's decision to take Plaintiff at his word in this instance is not patently wrong.

Plaintiff asserts that the Appeals Council ignored the mandate of SSR 16-3p to not assess Plaintiff's overall character or truthfulness but to instead limit its evaluation to Plaintiff's statements about his symptoms. However, Plaintiff identifies no statement from the Appeals Council decision that permits an inference that the Appeals Council stepped outside of the bounds of SSR 16-3p. Plaintiff has not shown remand to be appropriate on this issue.

The last argument Plaintiff makes in regard to subjective symptoms is that the Appeals Council did not address evidence of Plaintiff's solid work history. Contrary to Plaintiff's argument, the Appeals Council considered Plaintiff's work history and called it "commendable." (AR 8). The Appeals Council noted, however, that Plaintiff indicated on his disability application that he stopped working because he retired. The Appeals Council considered Plaintiff's work history, and Plaintiff's argument here is an improper invitation for the Court to reweigh this evidence, which it will not do.

The Appeals Council's evaluation of Plaintiff's subjective symptom allegations provides no basis for remand.

### B. Medical Opinions

In determining whether a claimant is disabled, the Social Security Administration "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . received." 20 C.F.R. § 404.1527(b). Every medical opinion received will be evaluated.

*Id.* § 404.1527(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts. *Id*. § 404.1527(e)(2).

The opinion of a treating doctor must be given controlling weight if (1) the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and (2) it is "not inconsistent" with substantial evidence of record. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). In weighing all opinion evidence, several factors must be considered and explanation must be made of the decision to assign the amount of weight given to each opinion. 20 C.F.R. § 404.1527(e)(2)(ii), (iii); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th 2008). When a treating physician's opinion is not given controlling weight, certain factors must nevertheless be considered to determine how much weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability (such as medical signs and laboratory findings), and specialization. 20 C.F.R. § 404.1527(c)(2)-(5).

Plaintiff maintains that the Appeals Council erred in assigning greater weight to the medical opinion of non-examining medical expert Dr. James McKenna, which was given great weight, than to the medical opinion of treating cardiologist Dr. Andre Artis, which was given little weight.

The ALJ concluded that Dr. Artis's medical source statement lacked objective support in the record, and the Appeals Council concurred with that finding. Dr. Artis opined that Plaintiff can only sit for two out of eight hours, stand and walk for two out of eight hours, and lift up to twenty pounds occasionally. Dr. Artis also opined that Plaintiff would miss more than three days of work per month. The ALJ found that the standing and walking limitation was not supported by the objective

11

evidence of record, citing Plaintiff's good ejection fraction and stress test results. The ALJ further stated that no medical records support the opinion that Plaintiff would miss more than three days of work each month. The Appeals Council, in concurring with the ALJ's finding, further notes that Dr. Artis did not cite any clinical findings or laboratory or test results in support. Dr. Artis listed dizziness as Plaintiff's sole symptom, despite many other cardiac symptoms being provided as options. The Appeals Council cited Plaintiff's reports of dizziness to Dr. Artis, which ranged from experiencing dizziness every three to four months in January 2014, to monthly dizziness in July 2014, to only "once in a great while" lasting "a few minutes" in October 2015. The Appeals Council determined that this minimal symptmatology is not consistent with the work-related limitations assigned by Dr. Artis.

Plaintiff does not argue that controlling weight to Dr. Artis's opinion would have been appropriate in this case. Instead, he argues that greater weight than "little weight" should have been assigned. Plaintiff contends that treating source opinions should be given more weight than non-treating source opinions because treating sources are likely to be most able to provide a longitudinal picture of a claimant's impairments. Indeed, being a treating physician and the length of the treatment relationship are factors to consider when evaluating opinion evidence. *Id.* § 404.1527(c)(2). However, these factors are not determinative in every case.

Plaintiff also suggests that the factors of 20 C.F.R. § 404.1527(c)(2)-(5) indicate that greater weight was due to Dr. Artis's opinion. Plaintiff states that Dr. Artis has been treating Plaintiff since October 2013 and saw Plaintiff six times. Plaintiff also states that, as a cardiologist, Dr. Artis's specialization entitles his opinion to more weight than Dr. McKenna, who is a pulmonologist and internist. However, supportability is also one of the factors to consider, and the Appeals Council

explained how it reached the conclusion that the medical evidence does not support Dr. Artis's opinion. Further, the Appeals Council noted both Plaintiff's treatment with Dr. Artis from October 2013 through October 2015, (AR 5-6), and Dr. Artis's specialty in cardiology, (AR 7), indicating that the Appeals Council considered these factors in assigning weight. The Appeals Council applied the correct standard, and its decision is supported by substantial evidence.

Plaintiff, in his reply, posits that the Appeals Council should have contacted Dr. Artis for a clarification of the support for Dr. Artis's opinion, citing *Barnett*, 381 F.3d at 669. By not raising this argument in his opening brief, Plaintiff has waived this argument. *Carter v. Astrue*, 413 F. App'x 899, 906 (7th Cir. 2011) (citing *United States v. Lupton*, 620 F.3d 790, 807 (7th Cir. 2010); *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)); *Goffron v. Astrue*, 859 F. Supp. 2d 948, 958 (N.D. Ill. 2012) (citing *Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011); *Pennington v. Astrue*, No. 09-073-JPG-CJP, 2011 WL 1328861, *7 (S.D. Ill. Jan. 7, 2011)).

Plaintiff next contends that Dr. McKenna's opinion should have been assigned less weight than "great weight." Plaintiff first maintains that the Appeals Council made a mistake of fact in stating that Dr. McKenna had the benefit of reviewing the entire medical record in the case where Dr. McKenna did not review Dr. Artis's opinion, as it was not a part of the record when Dr. McKenna gave his opinion. It is true that Dr. McKenna did not have access to Dr. Artis's opinion—Dr. Artis's opinion is dated December 1, 2015, and Dr. McKenna testified on November 3, 2015. The error was in *stating* that Dr. McKenna had the benefit of reviewing the entire medical record and supporting the weight assigned to Dr. McKenna's opinion on this basis, not, as Plaintiff implies, in failing to *provide* Dr. Artis's opinion to Dr. McKenna for review.

13

In addition to this misstatement, the Appeals Council also assigned great weight to Dr. McKenna's opinion because he cited specific clinical findings in support of his opinion and because his assessment that Plaintiff can perform work at the medium exertional level is consistent with the objective findings and minimal symptoms reported by Plaintiff to his treating physicians. That is, Dr. McKenna's purported review of the entire record was not the sole basis for assigning great weight to his opinion. In light of the other reasons stated for the weight assigned to Dr. McKenna's opinion and the lack of objective medical support for Dr. Artis's opinion, the Court finds that the Appeals Council's error in stating that Dr. McKenna had been able to review the entire record—including Dr. Artis's opinion—is harmless. It is predictable with great confidence that, on remand, the agency would reinstate its decision to assign great weight to Dr. McKenna and little weight to Dr. Artis for the reasons provided—only without the misstatement implying that Dr McKenna had reviewed Dr. Artis's opinion. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir.2010).

Plaintiff attacks Dr. McKenna's opinion on the ground that the basis for the opinion is unknown. Plaintiff quotes Dr. McKenna's testimony: "with the lack of any abnormality on his latest myocardial stent, and the high levels of lobes, that both of his exercise tests went to, I think medium level activities would be—would be tolerated." (Pl.'s Br. 8, ECF No. 18 (citing AR 47)). The very language Plaintiff cites indicates the basis for Dr. McKenna's opinion—the test results and relevant medical records. There is no error here.

Finally, Plaintiff argues that because the ALJ did not assign weight to Dr. McKenna's opinion the Appeals Council should have remanded the matter to the ALJ instead of taking up the matter. As discussed above, the regulation cited by Plaintiff, 20 C.F.R. § 404.979, provides authority

for the Appeals Council to act as it did, and in the absence of authority showing the Appeals Council's decision to take up the matter, the Court finds no basis for remand here.

## C. Residual Functional Capacity

The RFC is a measure of what an individual can do despite the limitations imposed by his impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. § 404.1527(e)(1); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four and five of the sequential evaluation process and must be supported by substantial evidence. SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."*Id.* at *3. The relevant evidence includes medical history; medical signs and laboratory findings; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, "the adjudicator must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*. The combined effects of all the claimant's impairments must be considered, even those that would not be considered severe in isolation. *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009).

Plaintiff argues that the Appeals Council did not adequately explain the basis for its determination that Plaintiff could perform medium work instead of only light work. As Plaintiff states, the only difference between light and medium exertional work is the lifting requirements: medium work requires lifting no more than 50 pounds with frequent lifting or carrying up to 25 pounds, and light work involves lifting no more than 20 pounds with frequent lifting or carrying of up to 10 pounds. *See* 20 C.F.R. § 404.1567(b), (c). The Court found above that the Appeals Council's decision to afford great weight to Dr. McKenna's opinion was appropriate. Dr. McKenna opined that Plaintiff was capable of performing medium work. Plaintiff questions "how did the Appeals Council know what was medically appropriate for Mr. Brown who suffered 3 heart attacks and had 2 stents placed?" (Pl.'s Br. 9, ECF No. 18). The answer is that Dr. McKenna stated so in his opinion, and, even more, two other state agency medical consultants, Dr. Brill and Dr. Sands, opined that Plaintiff could perform work at the medium exertional level. The Appeals Council also looked at Plaintiff's statements, activities, symptoms, clinical findings, and test results in making its decision.

Dr. McKenna specifically considered whether a limitation to light work instead of to medium work was warranted and determined that, "with the current normal stress test and a scan, a contrast stress test, it's difficult to support the issue of having an – irreversible myocardial injury," and this was the basis upon which Dr. McKenna opined that Plaintiff is limited to medium work instead of light work. (AR 47). Plaintiff argues that the Appeals Council improperly made an independent medical conclusion in finding that Plaintiff could lift 50 pounds, but it did not. It followed Dr. McKenna's (and Dr. Brill's and Dr. Sands') medical opinion that Plaintiff could lift 50 pounds.

Plaintiff contends that the stress test results are not helpful in determining how much Plaintiff can lift and whether Plaintiff can work on a full time basis. However, Dr. McKenna opined that these stress test results supported the finding that Plaintiff could perform work at the medium exertional level. Plaintiff does not articulate how use of the stress test results and Dr. McKenna's opinion fail to support the determination that Plaintiff can perform medium level work on a full time basis. Further, as stated many times throughout this opinion, the Appeals Council looked at a wide array of evidence—including Plaintiff's statements, medical opinions, clinical findings, and test results—in making its decision. The stress test results were not the only pieces of evidence used in finding Plaintiff's RFC, and the finding that Plaintiff could sustain work on a full time basis at the medium exertional level is supported by substantial evidence.

Plaintiff also points to the evidence that he and his wife provided in the form of function reports. This evidence reports that Plaintiff avoided lifting heavy loads, which Plaintiff represented was due to his impairments affecting his ability to lift. Plaintiff maintains that the Appeals Council erred by not explaining how it reached its conclusion regarding Plaintiff's RFC in light of this evidence. As discussed above, the Appeals Council did not err in evaluating Plaintiff's subjective symptoms and finding that they are not as severe as alleged. The Appeals Council found that Plaintiff's allegations were inconsistent with the record, such as Plaintiff's testimony of weekly shortness of breath and dizziness, which was never reported to a treating source at this rate. Plaintiff also reported doing yard work for others, and told a previous treating cardiologist that he was changing doctors because he wanted to receive disability benefits and a previous application for benefits had been rejected. The Appeals Council included this information in its decision.

The Appeals Council further noted that no medical evidence documents a significant worsening of Plaintiff's cardiac condition around the time of Plaintiff's retirement from a job which required him to lift over 100 pounds. The Appeals Council looked at medical evidence, clinical findings, and test results from prior to Plaintiff's retirement and from after the alleged onset date. The Appeals Council gave great weight to the medical opinion of Dr. McKenna and some weight to two other medical opinions, all three of which found that Plaintiff could perform medium work, which requires lifting 50 pounds. The RFC is supported by substantial evidence.

## CONCLUSION

For these reasons, the Court **DENIES** the relief sought in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18]. The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Defendant Commissioner of the Social Security Administration and against Plaintiff Darryl A. Brown.

SO ORDERED this 15th day of February, 2018.

                                          s/ Paul R. Cherry
                                          MAGISTRATE JUDGE PAUL R. CHERRY
                                          UNITED STATES DISTRICT COURT